## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSHUA MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-11667-JEK |
| | ) | |
| AUDREY MURILLO, KAREN VIDAL, | ) | |
| BECKY MACKOWIAK, JEFFREY K. | ) | |
| MALMBERG, and MASSACHUSETTS | ) | |
| DEPARTMENT OF CHILDREN AND | ) | |
| FAMILIES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

**KOBICK, J.**

*Pro se* plaintiff Joshua Martinez brings this action alleging that his son was improperly removed from his custody. The complaint names as defendants the Massachusetts Department of Children and Families ("DCF"), Massachusetts Juvenile Court Judge Audrey Murillo, that court's probation officer Jeffrey Malmberg, DCF social worker Karen Vidal, and DCF supervisor Becky Mackowiak. For the reasons that follow, Martinez's claims for injunctive and declaratory relief will be dismissed for lack of subject matter jurisdiction, and his claims for damages will be stayed. That is so because his ongoing state Juvenile Court proceeding triggers, without any applicable exception, the *Younger* abstention doctrine. Martinez's motion for a preliminary injunction— which, like the complaint, seeks injunctive relief ordering the return of his son to his custody— will therefore be denied because, absent jurisdiction, he cannot establish a substantial likelihood of success on the merits. His other motions for leave to file electronically, to proceed *in forma pauperis*, to recuse Judge Murillo, and for appointment of counsel will be denied as moot.

**BACKGROUND**

The Court recounts the facts based on the allegations in the complaint—which is construed liberally because Martinez is proceeding *pro se*, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007)—and the filings attached to his motion for a preliminary injunction.

Martinez had sole legal and physical custody of his now two-year-old son since at least June 2023. ECF 1, ¶¶ 13, 25. In March 2025, Vidal and Mackowiak started investigating Martinez allegedly "based on unsubstantiated and biased claims of unfitness." *Id.* ¶¶ 16, 18. Martinez claims that Judge Murillo violated his due process rights when she ordered his son removed from his custody in May 2025 by relying on an *ex parte* communication and affording DCF more time than him during the custody hearing. *Id.* ¶¶ 19-23; ECF 11-2. According to the complaint, Martinez's son has been harmed in foster care and Martinez has suffered "severe emotional distress" and "significant financial hardship" due to the separation, which hinders his ability to secure stable housing. ECF 1, ¶¶ 25, 27.

On June 9, 2025, Martinez filed this complaint along with motions to proceed *in forma pauperis* and for leave to file electronically. ECF 1, 2, 3. Martinez asserts two claims under 42 U.S.C. § 1983: one against Judge Murillo, Vidal, Mackowiak, and Malmberg for violating his procedural and substantive due process rights under the Fourteenth Amendment (Count I), and the other against Vidal, Mackowiak, and DCF for failing to protect him and engaging in deliberate indifference (Count II). ECF 1, ¶¶ 30-40. He also raises a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and 1964(c), against Vidal, Mackowiak, and Malmberg (Count III). *Id.* ¶¶ 41-45. Martinez seeks declaratory and injunctive relief, including the immediate return of his son, and compensatory and punitive damages. *Id.* ¶¶ 1, 29.

Martinez moved to recuse Judge Murillo on June 18, 2025 for alleged "judicial misconduct and denial of [his] due process" rights. ECF 5, at 1 (capitalization and emphases omitted). The motion requests, among other things, that she be recused and his custody of his son be restored. *Id.* at 2. On July 23, 2025, Martinez filed a motion for a preliminary injunction seeking again "an order for the immediate return of [his son]" to his custody. ECF 11, at 5. He attests in his accompanying affidavit that, starting in early June 2025, he would no longer appear in state court because "the state court proceedings constituted a 'scam' and a fundamental violation of [his federal] rights." ECF 11-1, at 2. Judge Murillo issued an order on July 7, 2025 retaining DCF's temporary legal custody of Martinez's son after "draw[ing] an adverse inference against [Martinez] for his voluntary failure to appear" at the June 12, 2025 temporary custody hearing. ECF 11-2.[1]

## DISCUSSION

A "'court has an obligation to inquire sua sponte into its subject matter jurisdiction.'" *Godin v. Schencks*, 629 F.3d 79, 83 (1st Cir. 2010) (quoting *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988)); *accord United States v. Univ. of Massachusetts, Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Martinez is correct that his federal claims provide federal question jurisdiction pursuant to 28 U.S.C. § 1331. ECF 1, ¶ 11. The Court nonetheless lacks subject matter jurisdiction under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Rossi v. Gemma*, 489 F.3d 26, 37-39 (1st Cir. 2007) (applying *Younger* to claims under 42 U.S.C. § 1983); *Rodriguez*

---

[1] Judge Murillo also denied the request of Martinez's counsel for a continuance based on Martinez's "'sincere belief' that [this] Court would assume jurisdiction over the" state court matter. ECF 11-2. For the avoidance of doubt, this case does not provide Martinez a valid basis for failing to attend his state court proceedings, particularly given that abstention is warranted under *Younger*.

*v. Ulwick*, No. 21-1401, 2022 WL 17228795, at *1 (1st Cir. June 15, 2022) (the *Younger* abstention doctrine applies "even when federal claims are raised about state court proceedings or decisions"). Derived from "principles of equity, comity, and federalism," *Steffel v. Thompson*, 415 U.S. 452, 460 (1974), this doctrine "counsels federal-court abstention when there is a pending state proceeding," *Moore v. Sims*, 442 U.S. 415, 423 (1979). In determining whether to abstain, the Court must examine (1) "whether a particular state proceeding falls within the *Younger* taxonomy"; (2) whether that proceeding is ongoing, "implicates important state interests[,] and provides an adequate opportunity to raise federal defenses"; and (3) whether any exceptions to *Younger* abstention apply. *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192-193 (1st Cir. 2015). All three prongs favor abstention here.

First, a "state-initiated proceeding to gain custody of children allegedly abused by their parents" qualifies under *Younger*. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (citing *Moore*, 442 U.S. at 419-420). DCF filed a petition in the Massachusetts Juvenile Court alleging that Martinez's son was in need of care and protection. *See* ECF 11-2. Such a DCF-initiated "child welfare and custody proceedin[g]" triggers *Younger*. *Amadi v. McManus*, No. 16-cv-10861-NMG, 2016 WL 3814597, at *4 (D. Mass. July 11, 2016), *aff'd*, No. 16-1960, 2017 WL 7048503 (1st Cir. Oct. 16, 2017); *Liviz v. Supreme Jud. Ct. of Massachusetts*, No. 17-cv-12345, 2018 WL 1697125, at *2 (D. Mass. Apr. 6, 2018), *aff'd*, No. 18-1340, 2018 WL 4998135 (1st Cir. Oct. 2, 2018).

Second, there is "an ongoing state judicial proceeding" that "implicate[s] important state interests" and offers "an adequate opportunity . . . to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The custody order, which Martinez attached to his motion for a preliminary injunction, is dated July 7, 2025 and states that

DCF "retain[s] temporary legal custody until the hearing on the Merits of the petition." ECF 11-2. This language indicates that the state court case remains ongoing. Further, a "proceeding [is] 'ongoing' for *Younger* purposes until the state appellate process [i]s complete." *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 35 (1st Cir. 2004) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975)). Massachusetts also has a "compelling state interest" in protecting children, and "[f]amily relations are a traditional area of state concern." *Moore*, 442 U.S. at 435 (quotation marks omitted). In addition, this Court "must presume that state courts . . . are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Superior Ct. of Puerto Rico for Dist. of Arecibo*, 988 F.2d 252, 262 (1st Cir. 1993) (citing *Middlesex*, 457 U.S. at 431). The three so-called *Middlesex* factors are therefore satisfied. *See Amadi*, 2016 WL 3814597, at *4; *Liviz*, 2018 WL 1697125, at *2.

Third and finally, no exceptions to *Younger* abstention apply. Such exceptions include, as Martinez appears to invoke here, cases where "a state proceeding is brought in bad faith, that is, for the purpose of harassment," *Sirva*, 794 F.3d at 192, or "concrete evidence" of bias exists, *Brooks v. New Hampshire Supreme Ct.*, 80 F.3d 633, 640 (1st Cir. 1996). The complaint alleges that DCF "initiated an investigation into [Martinez's] family based on unsubstantiated and biased claims of unfitness," and that Vidal and Mackowiak, "driven by an ulterior motive, continued to pursue an unwarranted case against [Martinez]." ECF 1, ¶¶ 16, 18. Absent factual support, those conclusory allegations are insufficient to plausibly allege bad faith. *See Cangrejeros De Santurce Baseball Club, LLC v. Liga De Béisbol Profesional De Puerto Rico*, No. 23-1589, 2025 WL 2027882, at *7 (1st Cir. July 21, 2025) ("consider[ing] whether the non-conclusory, non-speculative facts support the existence of subject matter jurisdiction"). The Supreme Court has

also construed such "exceptions to *Younger's* policy of abstention . . . very narrowly." *United Books, Inc. v. Conte*, 739 F.2d 30, 34 (1st Cir. 1984).

Martinez's motion to recuse Judge Murillo separately alleges that her "rulings demonstrate clear bias" because she "severely limited" his ability to present exculpatory evidence and permitted Vidal and Mackowiak "to reenter the case and submit misleading statements" after their "credibility had been previously impugned." ECF 5, at 1-2; *see* ECF 1, ¶¶ 22-23, 33 (similar). Martinez fails to show, however, that he has "employ[ed] available procedures for recusal" in state court. *Brooks*, 80 F.3d at 640. Nor does he argue that Judge Murillo has "a potential conflict of interest . . . or a pecuniary stake in the outcome of the litigation." *Id.* His conclusory allegations of bias also fail to rebut "the historic presumption that judges are 'men [and women] of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.'" *Id.* (quoting *Withrow v. Larkin*, 421 U.S. 35, 55 (1975)). Since Martinez has not shown "bad faith, harassment, or any other unusual circumstance that would call for equitable relief," no exception to *Younger* abstention is applicable. *Younger*, 401 U.S. at 54.

In sum, Martinez's custody proceeding in state juvenile court qualifies under *Younger*, the *Middlesex* factors support abstention, and no exception to *Younger* applies. The Court must therefore abstain from adjudicating this case because "doing so would 'needlessly inject' [it] into ongoing state proceedings." *Coggeshall v. Massachusetts Bd. of Registration of Psychs.*, 604 F.3d 658, 664 (1st Cir. 2010) (quoting *Brooks*, 80 F.3d at 637). Under the *Younger* abstention doctrine, however, claims for injunctive and declaratory relief are treated differently than claims for damages. While it is appropriate to dismiss "claims insofar as they seek equitable relief," damages claims should "ordinarily" be stayed "pending the completion of state court proceedings" because those proceedings typically "cannot redress [such] claims for monetary relief." *Rossi*, 489 F.3d at

37-38. Accordingly, Martinez's claims for injunctive and declaratory relief will be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3), while his claims seeking monetary damages will be stayed pending completion of his underlying state juvenile court proceedings, including all subsequent appeals. *See, e.g.*, *Laura v. City of Worcester*, No. 23-cv-40129-MRG, 2024 WL 5009053, at *4-5 (D. Mass. Dec. 6, 2024).

Martinez's motion for a preliminary injunction, like his complaint, seeks equitable relief ordering "the immediate return of" his son to his custody. ECF 11, at 5; *see* ECF 1, at 16. Because the Court lacks subject matter jurisdiction over his claims for equitable relief, Martinez cannot show a substantial likelihood of success on the merits, which is the factor that "weighs most heavily in the preliminary injunction analysis." *CVS Pharmacy, Inc. v. Lavin*, 951 F.3d 50, 55 (1st Cir. 2020).[2] His preliminary injunction motion will therefore be denied. *See Liviz*, 2018 WL 1697125, at *2 (denying motions for injunctive relief given *Younger* abstention). Martinez's other motions will also be denied as moot. *See id.* at *3 (same); *Watson v. Ordonez*, No. 18-1688, 2020 WL 6788144, at *1 (1st Cir. May 1, 2020) (action's dismissal on *Younger* abstention grounds rendered plaintiff's "request for an injunction for purposes of discovery" moot).

## CONCLUSIONS AND ORDERS

For the foregoing reasons, Martinez's claims for injunctive and declaratory relief are DISMISSED without prejudice for lack of subject matter jurisdiction, and his claims for damages are STAYED pending completion of the underlying state juvenile court proceedings. His motion for a preliminary injunction, ECF 11, is DENIED. His motions for leave to file electronically, ECF

---

[2] To secure a preliminary injunction, Martinez bears the burden to demonstrate: "'(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest.'" *NuVasive, Inc. v. Day*, 954 F.3d 439, 443 (1st Cir. 2020) (quoting *Nieves-Márquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003)).

2; to proceed *in forma pauperis*, ECF 3; to recuse Judge Murillo, ECF 5; and for appointment of counsel, ECF 7, are DENIED as moot. Martinez is ORDERED to file a status report within 14 days of the final resolution of his state juvenile court proceedings, which date comes at the conclusion of any subsequent appeal.

       SO ORDERED.

/s/ Julia E. Kobick<br>
JULIA E. KOBICK<br>
UNITED STATES DISTRICT JUDGE

Dated: July 28, 2025